IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL WALSH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-2628 |
| | § | |
| ARIES FREIGHT SYSTEMS, L.P. and | § | |
| ARIES WORLDWIDE, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

In this employment discrimination case, Walsh sued two defendants: Aries Freight Systems, L.P. and Aries Worldwide, Inc. One of the defendants, Aries Worldwide, Inc., has moved to dismiss. Aries Worldwide asserts that it was not Walsh's employer, but rather the general partner of Aries Freight Systems, which did employ Walsh. Aries Worldwide also asserts that it was not named in the EEOC charge that Walsh filed. Aries Worldwide moves to dismiss as to the first ground under Rule 12(b)(1), for lack of subject matter jurisdiction, and under Rule 12(b)(6), for failure to state a claim. Aries Worldwide moves to dismiss as to the second ground under only Rule 12(b)(6). Aries Worldwide attaches an affidavit of a human resources supervisor for Aries Freight. In the affidavit, the supervisor states that Aries Worldwide has no employees and is simply the general partner of Aries Freight, which did employ Walsh. Aries Worldwide also attaches copies of the EEOC discrimination charge and determination letter, which mention only Aries Freight and not Aries Worldwide.

In response, Walsh argues that as to the motion to dismiss under Rule 12(b)(1), which applies to both grounds, time for discovery into the corporate relationship between the defendants should be allowed. As to the motion to dismiss under Rule 12(b)(6), which applies to the failure to name Aries Worldwide in the EEOC charge, Walsh argues that the inclusion of the affidavit and supporting materials requires that the motion be converted to one seeking summary judgment under Rule 56.

## I. The Standards for a Motion to Dismiss

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)). When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir.1997). *See also Clark*, 798 F.2d at 741. When a party challenges the allegations

supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment. Accordingly, the court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261. The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981).

### B.     Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).  The Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim.  In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), the Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).  Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the

3

nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.

When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Great Plains Trust Co.*, 313 F.3d at 329; *Jacquez v. R.K. Procunier*, 801 F.2d 789, 792 (5th Cir. 1996).

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. FED. R. CIV. P. 12(b)(6). Various circuits have specifically allowed that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994); *Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1998); *Sheppard v. Texas Dep't of Transp.*, 158 F.R.D. 592, 595 (E.D. Tex. 1994). In so attaching, the defendant merely assists the

4

plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated. The Fifth Circuit has approved of this practice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000). To consider other matters outside the pleadings, however, a court must convert the motion to dismiss to one for summary judgment under Rule 56.

**II.     Analysis**

   **A.     "Employer"**

Determining whether a defendant is an "employer" under Title VII involves a two-step process. *Deal v. State Farm County Mut. Ins. Co.*, 5 F.3d 117, 118 n. 2 (5th Cir.1993). First, the court must determine whether the defendant falls within Title VII's statutory definition of an "employer." Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . , and any agent of such a person . . . ." 42 U.S.C. § 2000e(b) (2000). If the defendant meets this definition, the court must then analyze whether an employment relationship exists between the plaintiff and the defendant. *Deal*, 5 F.3d at 118 n. 2. To determine whether an employment relationship exists within the meaning of Title VII, "we apply a 'hybrid economic realities/common law control test.'" *Id.* at 118–19. The most important component of this test is "[t]he right to control [the] employee's conduct." *Id.* at 119. "When examining the control component, we have focused on whether the alleged employer has the right" to hire, fire, supervise, and set the work schedule of the employee. *Id.*

Most courts have examined the question of whether a defendant is a Title VII employer in the summary judgment context. The issue of whether a defendant has fifteen or more employees is not jurisdictional and cannot be tested on a Rule 12(b)(1) motion. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (holding that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue"). The issue of the defendant's relationship to Walsh under the "hybrid economic realities/common law control test" is necessarily a fact-specific inquiry and is typically applied in a summary judgment context. *See Muhammad v. Dallas County Cmty. Supervision and Corrections Dept.*, 479 F.3d 377, 380 (5th Cir. 2007). Under either approach, the record is not sufficient to permit this court to conclude that, as a matter of law, Aries Worldwide is not an employer of Walsh. The motion to dismiss on this basis is denied, without prejudice to reassertion as either a motion to dismiss or for summary judgment after additional information is available and Walsh has had an opportunity to test it. That opportunity should not require extensive time or discovery, given the apparent simplicity of the issue.

**B.     Title VII's Naming Requirement**

Before bringing a Title VII action in federal district court, a plaintiff must first file an administrative charge with the EEOC. *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir.1984). "A corollary of this general rule is that a party must be named in the EEOC charge before that party may be sued under Title VII 'unless there is a clear identity of interest between [the unnamed party] and a party named in the EEOC charge . . . .' " *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir.1987); *see also Way v. Mueller Brass Co.*, 840

6

F.2d 303, 307 (5th Cir. 1988) (citing *Romain v. Kurek*, 836 F.2d 281, 283 (6th Cir. 1985)). Two goals are served by requiring a plaintiff to name the Title VII defendant in the charge filed with the EEOC. "First, the charge serves to notify the defendant of the discrimination claim alleged against him." *Romain*, 836 F.2d at 245. (citing *Chicago Journeymen Plumbers' Local Union No. 130 v. Plummer*, 455 U.S. 1017 (1982); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir.1981)). "Second, by naming the charged party and bringing him before the EEOC, that person is able to participate in conciliation efforts directed at securing voluntary compliance with the Act." *Id.*

Courts use two tests for determining whether a party shares an identity of interest with another party so as to justify a failure to name the party on the EEOC charge. *Alexander v. Local 496, Laborers' Intern. Union of North America*, 177 F.3d 394, 411 (6th Cir.1999). One test looks to whether there is an "identity of interest where the unnamed party has been provided with adequate notice of the charge under circumstances which afford him an opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Romain*, 836 F.2d at 245. A second test looks at the "relationship between the named and unnamed parties at the time the charge is filed and conciliation efforts occur." *Romain*, 836 F.2d at 245–46; *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir.1977). In looking at the relationship, the court examines four factors: whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and

7

compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Romain*, 836 F.2d at 246 (citing *Glus,* 562 F.2d at 888). Under either test, "[t]he 'identity of interest' exception acknowledges the reality that laymen, unassisted by trained lawyers, initiate the process of filing a charge with the EEOC, and accordingly [the exception] prevents frustration of the remedial goals of Title VII by not requiring procedural exactness in stating the charge." *Id.* at 245.

The motion is filed under both Rule 12(b)(1) and (b)(6). Under the former, the court declines to exercise discretion to rule based solely on the affidavit and EEOC charge and determination letter presented. Under the latter, the submission of the affidavit requires that the motion be converted to one seeking summary judgment. The present record is insufficiently developed to allow the court adequately to apply the applicable legal tests. The record does not permit the court to determine, for example, "whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint." *Romain*, 836 F.2d at 246 (citing *Glus*, 562 F.2d at 888). Some courts have dismissed unnamed defendants where the plaintiffs knew of their existence and could have listed them on the EEOC charge. *See McClenton v. Office of Evolutions, Inc*., No. 04-2889, 2006 WL 522389, *2 (W.D. Tenn. March 2, 2006); *Hulett v. America's Finest Service Co.*, No. 03-2497, 2005 WL 2233261, *7 (N.D. Ohio Sept.14, 2005). The record does

not present sufficient information to determine the similarity of interests between the defendants.  As other courts have found, "[i]n the context of this motion to dismiss, the [c]ourt lacks sufficient information to conclude as a matter of law than an identity of interest is lacking." *Szoke v. United Parcel Service of America, Inc*. No., 03-1628, 2006 WL 2792170, *2 (N.D. Ohio Sept.26, 2006); *see also E.E.O.C. v. Jeff Wyler Eastgate, Inc*., No. 1:03CV662, 2006 WL 2785774, *5 (S.D. Ohio Jan. 9, 2006) ("At the very least, this [c]ourt should not dismiss the case based on a lack of identity of interest before the record is fully developed and all of the *Glus* factors can be equitably weighed.").  The defendants may revisit this issue in a Rule 56 motion, but under Rule 12, the court must deny the request to dismiss Aries Worldwide for Walsh's failure to list it in his EEOC charges.  Again, however, the work and time necessary to obtain the necessary information to resolve this issue through agreement or through motion should be limited.

   SIGNED on October 12, 2007, at Houston, Texas.

              _____
                 Lee H. Rosenthal
               United States District Judge